IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marvin Elijah Ladson, | ) | C/A No. 0:11-848-PJG |
|             Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) ) ) | |
|             Defendant. | ) ) | |

This matter is before the court on a petition for attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 19.) Counsel for the plaintiff seeks attorney's fees in the amount of $51,755.48 for services rendered in representing the plaintiff in the above-captioned social security action. This amount represents twenty-five percent (25%) of the total back due benefits payable to the plaintiff and his three children. The Commissioner filed a response in opposition to the petition for attorney's fees, arguing that this amount constitutes an improper "windfall." (ECF No. 20.) Plaintiff's attorney filed a reply. (ECF No. 21.)

Section 406(b) provides that whenever a court renders favorable judgment for a claimant, "the court may determine and allow as part of its judgment a reasonable fee" for representation of the claimant before the court. 42 U.S.C. § 406(b)(1)(A). However, the "reasonable fee is not to exceed twenty-five percent 'of the total of the past-due benefits to which the claimant is entitled by reason of [the] judgment,' and the fee is payable 'out of, and not in addition to, the amount of such past-due benefits.' " Mudd v. Barnhart, 418 F.3d 424, 427 (4th Cir. 2005) (quoting 42 U.S.C. § 406(b)(1)(A)). In considering the reasonableness of requested fees, the United States Supreme

Court has noted that a reduction of the contingent fee may be warranted "based on the character of the representation and the results . . . achieved," if counsel caused delay in the case resulting in the accumulation of past-due benefits, and "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). However, "an excessively high hourly rate alone does not render an otherwise reasonable fee unreasonable." Jeter v. Astrue, 622 F.3d 371, 382 (5th Cir. 2010). Courts have considered a myriad of factors in considering whether a fee constitutes an unearned windfall, such as the overall complexity of the case, the experience of the attorney, the risk of loss involved in the representation, the percentage of the past-due benefits the fee constitutes, the value of the case to a claimant, and whether the client consents to the requested fee. See, e.g., Jeter, 622 F. 3d at 382; Mudd, 418 F.3d at 428.

Based upon a review of the petition, and having considered the factors discussed above,[1] the court finds that an award of $51,755.48 is reasonable. Plaintiff's counsel obtained an favorable result for his client in this matter in an efficient and effective manner, expending approximately 44 hours at the federal court level. He has not previously been awarded attorney's fees under the Equal Access to Justice Act. There is no indication of any unreasonable delay by Plaintiff's counsel. Plaintiff signed a contingency fee agreement with counsel at a twenty-five percent rate. Further, in light of Plaintiff's counsel's extensive experience in social security cases and the risk associated in contingent matters, an hourly rate of $1,176.26[2] does not appear to be excessive. See Claypool v.

---

[1] Plaintiff's counsel extensively briefs each of the Gisbrecht and Jeter factors in his reply. (ECF No. 21.)

[2] This amount is calculated based on the requested fee of $51,755.48 divided by the 44 hours expended at the federal court level, and does not include the additional 28 hours expended by counsel and co-counsel at the administrative level. See Mudd, 418 F.3d at 428 (finding that the district court's consideration of the time spent and work performed by counsel at the administrative



Barnhart, 294 F.Supp.2d 829, 833 (S.D.W.Va. 2003) (approving contingency fee with hourly rate of $1,433.12); Duvall v. Colvin, C/A No. 5:11-577-RMG, 2013 WL 5506081 (D.S.C. Sept. 30, 2013) (approving a full twenty-five percent contingency fee with an hourly rate of $972.00); Melvin v. Colvin, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving a full twenty-five percent contingency fee with an hourly rate of $1,043.92).

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Attorney's Fees (ECF No. 19) pursuant 42 U.S.C. § 406(b) is granted and counsel is awarded $51,755.48.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 5, 2015
Columbia, South Carolina

---

level as one factor in its reasonableness determination was proper).